STEPHEN MARTIN ET AL.

v.

ELIAS B. RHEA.

*Partnership—R'tirement of Partner—New Partnership—Assumption
of Liabilities by New Firm—Payments by Retiring Partner—Release by
Him of New Firm.*

Upon suit brought by a former member of a defunct copartnership
against a firm succeeding it in business and assuming its liabilities, to
recover for payments made by him of certain liabilities of the old firm after
the formation of the new one, this court holds that by a writing executed
subsequently to the payments in question, plaintiff released the de-
fendants from liability upon certain items named, and that no recovery
can be had therefor.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Peoria County; the
Hon. S. S. PAGE, Judge, presiding.

Mr. ISAAC C. EDWARDS, for appellants.

Messrs. WILLIAM S. KELLOGG and JAMES A. CAMERON, for
appellee.

UPTON, P. J. This was an action in assumpsit, commenced
to the February term, 1888, of the Peoria Circuit Court, by
the appellee against Stephen Martin, Chas. O. Smalley, John
C. Duncan and Chas. O. Peters, as partners, etc. Martin and
Peters only were served with process. The declaration con-
tained the common counts consolidated. The defendants
served with process pleaded the general issue, a plea denying
joint liability verified by affidavit, and the statute of frauds.

The record shows that some time in the year 1882 the firm
of "Rhea, Smalley & Co." was formed for the purpose of
dealing in agricultural implements. That firm continued in
business until the fall of 1883, when it was succeeded by the
firm of " Rhea, Smalley & Bowman." E. B. Rhea, C. O.
Smalley, W. R. Riley and Bateman Bowman comprised its

Martin .v. Rhea.

members. This last named firm continued in business until Feb. 2, 1885, when it was succeeded by the firm of " Rhea, Smalley & Co., No. 2," Bowman and Riley retiring and the defendant Charles O. Peters, becoming a member of the new firm. Some time subsequent, Stephen Martin became a member of the same firm. On the 10th day of March, 1885, this last named firm was succeeded by the firm of " Martin, Smalley & Co." composed of the same persons as the preceding firm with the exception, that appellee Rhea sold his interest in said business and firm to Thomas Martin, who then became a member thereof. When appellee retired from the firm and sold his interest therein, the firm of "Rhea, Smalley & Co." was dissolved and the new firm of "Martin, Smalley & Co." was formed. This new firm took the entire assets of the old firm of " Rhea, Smalley & Co." and *assumed its liabilities as shown by the books of the old firm,* and no other or further liabilities.

The appellee claims that after his retirement from said firm of " Rhea, Smalley & Co." he paid out for that firm on its liabilities, which the firm of " Martin, Smalley & Co." assumed and agreed to pay as above stated, various sums of money, aggregating $724.21, upon which he credits two items aggregating $408.33, leaving a claimed balance due him of $315.88. To recover that amount this suit was brought. A bill of particulars was filed by the appellee before the trial court which is as follows:

STEPHEN MARTIN ET AL.

To ELIAS B. RHEA, Dr.

| | | |
|---|---:|---:|
| To judgment and costs for rent | $195 | 12 |
| To another month's rent | 183 | 33 |
| To note and interest of Kinsey & Mahler | 189 | 78 |
| To money paid to Cratty Bros., Chicago, for suit of replevin of a car load of wagons | 100 | 00 |
| To attorney's fees paid J. S. Lee in suit with H. O. Collins | 15 | 00 |
| To expenses to Chicago to attend suit | 13 | 10 |
| To interest on money paid out | 27 | 88 |
| Total | $724 | 21 |

Credits as follows, to wit:
Received of M. O. Collins for heating appar-
   atus in Collins' building.................$225 00
Collected of Martin & Co. one month's rent. 183 33
Balance due said Rhea.................... 315 88

       Total..........................$724 21

During the trial below, the above bill of particulars was
amended by appellee by striking out the item of $189.78
charged for principal and interest on the "Kinsley &
Mahler" note, and by further striking out the item of $225,
of the credit received by appellee from Mrs. Collins in settle-
ment for the heating apparatus in the office of the building
leased to the firm of "Rhea, Smalley & Bowman," thereby
increasing appellee's claim to $351.

The cause was tried by a jury in the court below and a ver-
dict returned for the appellee with damages assessed at
$351.10, from which at a subsequent term of court was
remitted by appellee the sum of $63.40. The Circuit Court
rendered a judgment for the appellee for $287.70 with costs,
from which judgment an appeal was taken to this court.

The record discloses that the building occupied by the firm
of "Martin, Smalley & Co." at the commencement of this suit
was held under a lease originally executed by Mrs. Collins to
the before mentioned firm of "Rhea, Smalley & Bowman."
At, or near the time of the execution of this lease, the agent of
Mrs. Collins made a verbal contract with the lessees, that a
steam heater should be placed in the office of the building so
leased by "Kinsley & Mahler," at the cost of $350. For this
heater the lessees were to execute their promissory notes to
" Kinsley & Mahler " for $175 each, falling due respectively
January 1, 1886, and January 1, 1887, and as the said notes fell
due, Mrs. Collins was to allow "Rhea, Smalley & Bowman" a
credit of $150 on each of the notes, to be applied on the lease
as payment of rent. This lease was part of the assets of the
firm of "Rhea, Smalley & Co.," and passed to appellants in
their purchase of such assets as before stated.

When the first of these notes matured, " Martin, Smalley &

Co." paid it to the payee thereof, and delivered the note with money sufficient to pay the rent for that month, $183.33, to the agent of Mrs. Collins for the rent due for that month, according to the terms of the lease. Shortly after this attempted payment, Mrs. Collins through her agent objected to receiving the note in part payment of the rent, and refused to apply $150 upon the lease, or any other sum, and repudiated the parol contract for the " heater " and payment therefor. She notified " Martin, Smalley & Co." that she should not recognize them as her tenants under the lease, and soon thereafter commenced a suit against " Rhea, Smalley & Bowman" to recover rent under the terms of the lease to them.

In this suit she recovered a judgment, including costs, for $195.12, being for the month's rent supposed previously to have been paid by " Martin, Smalley & Co." with the Kinsley & Mahler notes. By the terms of the lease, the lessees were prohibited from subletting the leased premises or assigning the lease without the written consent of the lessor.

Some time in the early summer of 1886, " Martin, Smalley & Co.," gave Rhea $183.33 for another month's rent, and he paid it to the agent of the lessor, the lessor still refusing to recognize " Martin, Smalley & Co.," as her tenants, or to accept the Kinsley & Mahler note, as payment upon the rent.

Under these circumstances the appellee obtained the Kinsley & Mahler notes, and of his own motion effected a settlement with Mrs. Collins, by which she permitted an assignment of the lease to " Martin, Smalley & Co.," accepted that firm as her tenants, paid Rhea $225 in discharge of all her liability to " Rhea, Smalley & Co.," or " Kinsley & Mahler " on the steam heater contract, which, by the original agreement, was $300, as before shown, and having then settled and adjusted all matters in dispute as to the lease, and the tenancy of the then occupants of the leasehold, as well as the Kinsley & Mahler contract and notes, appellee made an assignment of the lease to appellants, and executed and delivered to them the following contract, viz. :

"PEORIA, August 24, 1886.

"In consideration of Stephen Martin, J. B. Duncan and C. O. Peters accepting the transfer of lease on what is known as the Collins-Ballance building, Nos. 916 and 918 South Washington street, they were to pay nothing on said lease or the steam fixtures therewith attached, only the actual rent, which is one hundred and eighty-three and thirty-three one hundredths dollars per month during the remaining term of said lease."

(Signed)    "ELIAS BARBER RHEA,
"For the firm of Rhea, Smalley & Bowman."

We think this release cuts out from appellee's claim, as stated by him, $195.12 for the judgments and costs for the rent of the building in the above release, paid in May, 1886; and the second item in said claim of $183.33, paid for the rent of the store on the lease from Mrs. Collins prior to the release to appellants of August 24, 1886, above stated.

The third item of $189.78 was withdrawn by appellee in the court below as improperly charged, thus leaving two small items of the account claimed, aggregating $28.10, and the $100 claimed paid to Cratty Bros., the appellant's liability for which, on the evidence in this record it is not necessary for us to determine. The other points made in the case we refrain from discussing, as the view we have expressed must result in the reversal of the judgment of the court below. The judgment is reversed and cause remanded for such further action therein as the parties may be advised.